IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

         v.

MARCUS T. GOSS,

          Defendant.

ORDER

99-cr-89-wmc
12-cv-781-wmc

---

Defendant Marcus T. Goss pled guilty to use of a communication facility to unlawfully facilitate the delivery of cocaine base (*i.e.*, "crack cocaine"). On September 1, 2011, this court sentenced Goss to serve a total of 87 months in prison. On May 10, 2012, the United States Court of Appeals for the Seventh Circuit granted counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), after determining that there were no non-frivolous grounds for an appeal. *United States v. Goss*, No. 11-3041. Goss has filed a motion for appointment of counsel for purposes of pursuing collateral review of his conviction under 28 U.S.C. § 2255, and the Clerk's Office has opened a separate civil action to address that proposed motion. (*See* Dkt. # 86.) The motion for appointment of counsel will be denied for reasons set forth briefly below.

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Absent a valid waiver, "[t]he Sixth Amendment safeguards to an

1

accused who faces incarceration the right to counsel at all critical stages of the criminal process." *Iowa v. Tovar*, 541 U.S. 77, 80 (2004) (citations omitted).   The Supreme Court has recognized, however, that "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).   Thus, there is no constitutional right to appointed counsel on collateral review.   *See Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989).

There is a statutory right to appointed counsel for an indigent defendant in connection with a motion to vacated, set aside, or correct sentence under 28 U.S.C. § 2255.   *See* Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts (citing 18 U.S.C. § 3006A).   Such an appointment is not required, however, unless the reviewing court determines that an evidentiary hearing is necessary. *See id*; *see also Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).   Goss indicates that he intends to claim that his defense counsel provided ineffective assistance by failing to conduct an adequate investigation.   However, Goss has not filed a formal motion to motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and he has not provided facts in support of this allegation.   Goss does not otherwise show that the appointment of counsel is required in this instance.


ORDER

IT IS ORDERED that:

1.     Defendant Marcus T. Goss's motion for appointment of counsel (dkt. #86)

is DENIED.

2.     Defendant Marcus T. Goss shall file a motion to vacate, set aside, or
correct his sentence under 28 U.S.C. § 2255 using the attached form or
a similar form available at the prison law library within 30 days of the
date of this order.  If Goss fails to comply as directed, then this civil
action (Case No. 12-cv-781-wmc) will be dismissed without further
notice under Fed. R. Civ. P. 41(b).

Entered this _16th_ day of November, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge